October 18, 2005
_____
(Date)

MEMORANDUM

TO:          Parties in USA [PEOPLE] v. **HSIN-YU CHEN aka CHANEL CHEN**
                  D.C. Case No. **CR-04-00055**

FROM:     Clerk, United States District Court
                By: _____*Marilyn B. Alcon*_____, Deputy Clerk

RE:          Criminal Appeals Expediting Program

**FILED**
DISTRICT COURT OF GUAM
OCT 18 2005
MARY L.M. MORAN
CLERK OF COURT

       The attached time schedule has been established pursuant to the Criminal Appeals Expediting Program of the U. S. Court of Appeals for the Ninth Circuit. Please note the due dates for payment of the docketing fee (if not already paid or proceeding under the CJA) and for designating the court reporter's transcript, if any. These dates are set under guidelines established by the Court of Appeals, and any modification of the dates can only be authorized by that court.

       A copy of your notice of appeal and other docketing information is being mailed to the Court of Appeals forthwith. You will receive a docketing letter from the Court of Appeals with the appeal number and other essential information within a few days.

       If there is any uncertainty as to appellant's financial ability or counsel's willingness to prosecute the appeal, these questions should be brought immediately to the attention of the district judge or to the Court of Appeals. Failure to adhere to the attached time schedule may result in dismissal of the appeal and/or disciplinary measures against counsel of record. See Ninth Circuit Rule 42-1.

# United States Court of Appeals
## FOR THE NINTH CIRCUIT

**UNITED STATES OF AMERICA,**

　　　　Plaintiff-Appellee,

vs.

**HSIN-YU CHEN aka CHANEL CHEN,**

　　　　Defendant-Appellant.

**ORDER FOR TIME SCHEDULE**

CA No.
DC No. **CR-04-00055**
District of **Guam**
Notice of Appeal Filed: **10/14/2005**

☐ CJA of F.P.　　☐ Paid Appeal
☑ Apptd Cnsl　　☐ Fed Def
☐ Retd Cnsl　　 ☐ Adv Cnsl
☐ On Bail　　　 ☑ In Custody
☐ _____

The parties, counsel and court personnel, in the processing of this appeal, will comply with the following time schedule:

1. If not exempt, the docket fee will be transmitted to the Clerk of the District Court — Immediately

2. Date transcript will be ordered from the court reporter. (If this case is under CJA give the date that the order is to be given to the court reporter.) — **11/13/2005**

3. The court reporters transcript will be filed in the District Court (Certificate of record will be submitted to the Court of Appeals by the Clerk of the District Court immediately upon the filing of the transcript. The certificate of Record indicates that the complete trial court record including designated transcripts is available for use of the parties.) — **12/13/2005**

4. Appellants' opening brief and excerpts of record will be served and filed pursuant to Circuit Rules 32 and 31-2 — **1/22/2006**

5. The appellee's brief will be served and filed pursuant to Circuit Rules 32 and 31-2 — **2/21/2006**

6. The appellant's (optional) reply brief will be served and filed pursuant to Circuit Rules 32 and 31-2 — **3/7/2006**

By direction of the Judicial Conference of the United States, this Court must expedite criminal appeals. This time schedule must be adhered to without exception. This appeal will be deemed ready for calendaring, on the first available calendar, after the appellee's brief is filed.

NOTE: Cir. Rule 32 sets length limitations on briefs. Cir. Rule 42-1 requires that this appeal may be dismissed if appellants brief is not timely filed.

For the Court:

CATHY A. CATTERSON, Clerk
U.S. Court of Appeals

_Marilyn B. Alcon_
By: **Marilyn B. Alcon**
Deputy Clerk

## Preparation of Criminal Briefing Schedules

| Time from Notice of Appeal (Day Zero) to Designation of R.T. ("Ordering") | R.T. Due Date | Opening Brief and Excerpts Due Date | Appellee's Brief Due | Reply Brief Due (if any) |
|---|---|---|---|---|
| 21 days<br>**11-13-2005** | 30 days<br>**12-13-2005** | 40 days<br>**1-22-2006** | 30 days<br>**2-21-2006** | 14 days<br>**3-7-2006** |

**Note:** Any deviations from these schedules may be allowed only by the Court of Appeals. If due dates fall on weekends or court holidays, move schedule to next court day.